LOVE, J.,
Concurs and Assigns Reasons.
hi agree with the majority’s rejection of Mr. Stewart’s argument that his statements were illegally obtained because they were the product of a custodial detention requiring the officer to advise him of his Miranda rights prior to his making them. “Before what [purports] to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises.” See La. R.S. 15:451.
Officer Briscoe testified that the Rally’s employee told him that she saw Mr. Stewart go into Mr. Couget’s car, and at first she thought he was attempting to help Mr. Couget. However, the Rally’s employee saw Mr. Stewart take something out of the car, and for that reason she pointed him out to the officer. Officer Briscoe then approached Mr. Stewart and asked him what he took out of the ear. In response, Mr. Stewart walked Officer Briscoe to the passenger side of the car and told the officer that he threw the items on the ground. Officer Briscoe then observed empty foils lying on the ground next to the car.
Although, Officer Briscoe may have believed that Mr. Stewart took something out of the car, based on what the Rally’s employee told him, his | gtestimony shows that his actions established only an investigatory stop when he asked Mr. Stewart what he took out of the car.
Further, it was only after Mr. Stewart voluntarily told the officer he had taken the empty foils out of the car and showed the officer where he threw them that Mr. Stewart was handcuffed. Likewise, there is nothing to suggest that his statements prior to his detention were made “under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises.” Id.
Even though Mr. Stewart’s statements were made during a detention, it did not amount to a custodial detention requiring the officer to advise him of his Miranda rights before asking him what he took from Mr. Couget’s car. Thus, the officer’s failure to advise Mr. Stewart of his Miranda rights did not preclude the statements from being admissible at trial. Accordingly, I concur in the affirmation of Mr. Stewart’s conviction and sentence.